583 A.2d 297

FLOYD WILLIAMS, ET AL. v. DEPARTMENT OF
HUMAN SERVICES.

SAM JIMPERSON, ET AL. v. NEW JERSEY DEPARTMENT OF
HUMAN SERVICES.

December 28, 1989.

This matter having been opened to the Court on plaintiffs' motion for deferral until April 1, 1990, of the effective date of the Court's judgment in the within appeal as announced in its opinion of August 1, 1989, *Williams v. Department of Human Services*, 116 *N.J.* 102, 125, 561 *A.*2d 244; and

It appearing that a factual dispute exists over whether the respondent, Department of Human Services, has set in place the proposed administrative changes and financial commitments that were "to make reasonably certain that [the EA claimants] previously housed in motels will find shelter and eventually housing elsewhere," *ibid.;* and

It further appearing that the Court cannot resolve the dispute on the basis of the pleadings, exhibits, and affidavits submitted in support of the motion;

It is ORDERED:

1. The matter is remanded to the Department of Human Services (DHS) for the development of a record that would permit an informed decision on the motion. *See Abbott v. Burke*, 100 *N.J.* 269, 303, 495 *A.*2d 376 (1985).

2. The Department shall refer the development of the foregoing record to the Office of Administrative Law (OAL), which shall conduct any necessary hearing and afford the interested parties the opportunity to present any further evidence or exhibits.

3. The Administrative Law Judge (ALJ) shall submit an initial decision consisting of recommended findings of fact and conclusions of law on two questions: (1) whether the administrative changes and financial commitments made by DHS make it reasonably certain that on termination of emergency benefits, the claimants will find shelter; and (2) whether there are in place rules and procedures that establish which agency of government is "in charge" of providing the shelter contemplated by the Legislature and with what resources.

4. The ALJ shall submit recommended findings to DHS by February 10, 1990, and DHS shall render its agency findings on the recommendations of the ALJ by March 1, 1990. Any party may submit, by March 15, 1990, further briefs to the Court on the findings.

5. Pending receipt of the record and submissions, this Court's judgment is stayed until further Order of the Court. The challenged regulation establishing a 150–day expiration date may be applied with the opportunity for claimants to seek extensions in individual cases, based on DHS's representation in its papers submitted to this Court that "*no one* who requested further assistance and was eligible for continued General Assistance failed to receive further assistance."